UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENEE WILLIAMS,

Plaintiff,

-against-

THE BROOKLYN DEFENDERS, et al.,

Defendants.

26-CV-7648 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Queens County, brings this action *pro se*.[1] She asserts claims against District Attorneys Eric Gonzalez (Kings County), Melinda Katz (Queens County), and Michael E. McMahon (Staten Island, Richmond County), and Darcel D. Clark (Bronx County), as well as the Kings County Supreme Court, Criminal Term, and other courts, Judge Guy James Mangano, Jr. of Kings County Supreme Court, the Brooklyn Defender Services and its attorney Alexandra Rapisarda, and others. Plaintiff alleges that her claims arose at facilities on Sackman Street and Herkimer Street in Brooklyn, New York. (ECF 1, at 5.)

Plaintiff seeks restitution for her allegedly unlawful imprisonment, apparently on charges of criminal mischief and assault in the third degree that are pending in Kings County Supreme Court, Criminal Term. Plaintiff requests a restraining order related to staff at the criminal court, and challenges her involuntary hospitalization and detention for an examination, under N.Y. Crim. Proc. Law § 730.50, in connection with her criminal proceedings.

[1] By order dated October 20, 2025, the Court dismissed this action for Plaintiff's failure to submit a prisoner authorization form. Thereafter, the Clerk of Court docketed the prisoner authorization form, which had been timely received. On December 10, 2025, the Court reopened this matter (ECF 32).

For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

It is unclear if venue of Plaintiff's claims is proper in this district, under Section 1391(b)(1), based on the residence of defendants because the Court cannot ascertain from the complaint whether all defendants reside in New York.

Venue for many of Plaintiff's claims also does not appear to be proper in this district, under Section 1391(b)(2), based on the place where the events giving rise to the claims occurred. Plaintiff's claims arise largely out of her interactions with social services providers in Brooklyn, and her arrest and pending criminal proceedings in Brooklyn, New York. Brooklyn is in Kings County, which is within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because the events giving rise to these claims occurred in Kings County, venue under Section 1391(b)(2) is proper in the Eastern District of New York.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn, and it is reasonable to expect that relevant documents and witnesses also would be in Brooklyn. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

Plaintiff's request for electronic filing privileges in this court is therefore denied (ECF 34), and the Clerk of Court is directed to terminate the motion.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: July 22, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge